UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

VERBENA PRODUCTS LLC d/b/a BEAUTYVICE,
a Florida limited liability company,

    Plaintiff,

v.

JOSE FELIPE HERNANDEZ DEL TORO,
an individual; YOAN SENARIS, an individual;
TOPTRENDING PRODUCTS LLC,
a Florida limited liability company; and
DOES 1 through 10, inclusive,

    Defendants.
_____/

## COMPLAINT

Plaintiff Verbena Products LLC d/b/a Beautyvice ("Plaintiff"), by and through its undersigned counsel, sues Defendants Jose Felipe Hernandez Del Toro ("Del Toro"), Yoan Senaris ("Senaris"), TopTrending Products LLC (collectively "Defendants"), and DOES 1 through 10, inclusive (the "DOE Defendants"), and in support thereof alleges as follows:

### NATURE OF THIS ACTION

1. Defendants have illegally acquired and misappropriated confidentially maintained marketplace management and inventory product data control module algorithms relating to Plaintiff's real time ecommerce operations and sales business models (Plaintiff's "Trade Secrets"). Plaintiff is the owner of all right, title, and interest in the Trade Secrets. As a result of the Defendants' actions, Plaintiff has suffered immediate and irreparable injury, and is seeking redress from this Court for Defendants' misappropriation of Plaintiff's Trade Secrets in violation

of the Defend Trade Secrets Act ("DTSA") and the Florida Uniform Trade Secrets Act ("FUTSA").

## THE PARTIES

2. Plaintiff is a limited liability company organized and existing under the laws of the State of Florida and maintains a principal place of business in Coral Gables, Florida.

3. Defendant Jose Felipe Hernandez Del Toro is a resident of Miami-Dade County, Florida.

4. Defendant Yoan Senaris is a resident of Miami-Dade County, Florida.

5. Defendant TopTrending Products LLC is a limited liability company organized and existing under the laws of the State of Florida and maintains a principal place of business in Miami, Florida.

6. The DOE Defendants are ecommerce storefronts sued hereunder under a fictitious name. Plaintiff will amend this Complaint to allege the identities of the DOE Defendants when they become known to Plaintiff.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a claim for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836.

8. This Court has supplemental or pendant jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendants under Fla. Stat. § 48.193(1)(a)(2) because Defendants have committed tortious acts within the State of Florida. By illegally obtaining and disseminating—or assisting with the dissemination of—Plaintiff's

confidentially maintained proprietary business model, which efficiently and seamlessly connects product data across several ecommerce business platforms in real time, Defendants specifically directed their unlawful actions towards the Plaintiff, which is located in this judicial district.

10. Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the Defendants are subject to this Court's personal jurisdiction.

## GENERAL ALLEGATIONS

11. Plaintiff's business focuses on three distinct areas: e-commerce, wholesale to retailers and wholesale trade. Plaintiff offers high-end cosmetic and beauty care products for sale through online marketplaces such as Amazon and eBay. Plaintiff also offers wholesale branded food, health and beauty products to retailers and is involved in wholesale trade. Plaintiff's products and services are used in interstate commerce.

12. Over the past decade, Plaintiff has worked tirelessly to perfect the proper exchange of pertinent information across different selling platforms, which allows for real time transmission of product inventory, sales data and shipping information necessary to have a successful ecommerce operation. Plaintiff's software modules are programmed, integrated and configured to work together in a specific sequence to allow a native website to interface with any number of online marketplaces to keep products and orders up to date. It is the efficiency of how this product data is designed to flow within several modules, that enables ecommerce businesses to connect seamlessly to a series of selling platforms, while maintaining accurate data on all platforms in real time.

13. On or about February 26, 2016, Del Toro was hired to be a picker and packer for Plaintiff's online business. Prior to beginning his employment with Plaintiff, Del Toro had no prior experience in selling across ecommerce platforms.

14. As part of the onboarding process, all new hires are provided with a copy of the Verbena Products LLC Employee Handbook ("Handbook"). The Handbook specifically states: "VERBENA PRODUCTS LLC's property, … trade secrets, and any other confidential information may not be used for any purposes relating to outside employment." Moreover, the Handbook prohibits: "[u]nauthorized disclosure of any 'business secrets' or other confidential or non-public proprietary information relating to the Company's products, services, customers or processes;" "[d]ivulging VERBENA PRODUCTS LLC business practices or any other confidential information;" "[p]irating or downloading Company-owned software without permission;" and "[s]ending or posting the Company's confidential material, trade secrets, or non-public proprietary information outside of the Company."

15. The Confidentiality clause in the Handbook further states as follows:

VERBENA PRODUCTS LLC takes the protection of Confidential Information very seriously. "Confidential Information" includes, but is not limited to, computer processes, computer programs and codes, customer lists, customer preferences, customers' personal information, company financial data, marketing strategies, proprietary production processes, research and development strategies, pricing information, business and marketing plans, vendor information, software, databases, and information concerning the creation, acquisition or disposition of products and services.

Confidential Information also includes the Company's intellectual property and information that is not otherwise public. Intellectual property includes, but is not limited to, trade secrets, ideas, discoveries, writings, trademarks, and inventions developed through the course of your employment with VERBENA PRODUCTS LLC and as a direct result of your job responsibilities with VERBENA PRODUCTS LLC.

…

To protect such information, employees may not disclose any confidential or nonpublic proprietary information about the Company to any unauthorized individual.

…

> The unauthorized disclosure of Confidential Information belonging to the Company, and not otherwise available to persons or companies outside of VERBENA PRODUCTS LLC, may result in disciplinary action, up to and including termination of employment. If you leave the Company, you may not disclose or misuse any Confidential Information.

16.Del Toro agreed to be bound by Plaintiff's terms of employment.

17.In early 2020, Del Toro was promoted to Warehouse Manager. In his capacity as manager, Del Toro was responsible for overseeing all warehouse operations. More specifically, Del Toro was tasked with the supervision of inbound and outbound shipments of inventory; supervision of all order pickers and packers; and supervision of all online order management (*i.e.*, selection of shipping services, packing selection, inventory control systems, purchase order entries, inventory counts, etc.).

18.By this time, Del Toro had full access to Plaintiff's inventory, all inventory systems, security camera access, alarm system access, customer lists, as well as Plaintiff's proprietary algorithms and business models for seamlessly and efficiently managing and operating a successful online selling marketplace (*i.e.*, Plaintiff's Trade Secrets).

19.In early 2021, Plaintiff discovered that products which it had purchased from a closeout lot in Pennsylvania several months earlier (the "Buyout Shipment"), were being sold in Miami by an online retailer, eBay store "shopbeauty2014." Upon further investigation, an inventory purchase audit for the Buyout Shipment revealed significant discrepancies between what Plaintiff had purchased and received versus what Del Toro had entered into Plaintiff's inventory control system. Because Del Toro was the only individual responsible for handling incoming deliveries, this discrepancy prompted a deeper investigation into how Del Toro handled inventory entries into Plaintiff's inventory control system.

20. The investigation ultimately led to Del Toro's arrest on or about April 27, 2021, in connection with Del Toro's repeated theft of Plaintiff's inventory. The criminal case is pending, and Plaintiff filed a related civil action in the Miami-Dade County Eleventh Judicial Circuit Court for conversion and civil theft which also remains pending.

21. Approximately six to eight months prior to Del Toro's arrest, Verbena's principal not only provided Del Toro with direct access to Plaintiff's inventory systems, proprietary algorithms, and business models, but more importantly, provided Del Toro with detailed, step-by-step instruction on how Plaintiff's Trade Secrets are used to uniquely increase the company's productivity while streamlining its inventory management.

22. The tutorials Plaintiff's principal provided to Del Toro in the months prior to his arrest gave Del Toro the knowledge and the know-how to use Plaintiff's Trade Secrets in connection with any new ecommerce storefront in a manner that would permit the new storefront to begin competitively marketing and selling products within an astoundingly short amount of time.

23. Indeed, on or about August of 2021, Del Toro incorporated Defendant, TopTrending Products LLC and identified Defendant Senaris as the company's registered agent and sole principal.

24. Through Defendant TopTrending Products, Defendants Del Toro and Senaris are utilizing Plaintiff's misappropriated Trade Secrets by allowing the ecommerce storefront to begin quickly and competitively selling products online. These products include but are not limited to the products that Defendant Del Toro previously stole from Plaintiff.

25. Upon information and belief, Defendant Del Toro is implementing Plaintiff's misappropriated Trade Secrets in connection with other ecommerce storefronts including Defendant Doe's 1-10.

## COUNT I – MISAPPROPRIATION OF TRADE SECRETS
## UNDER THE FEDERAL DEFEND TRADE SECRETS ACT

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 as if fully alleged herein.

27. Defendants obtained access to the confidentially maintained software, algorithms, and ecommerce marketplace management business model (the "Trade Secret Information").

28. Plaintiff's Trade Secret Information derives actual and potential independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the Trade Secret Information.

29. Plaintiff has taken reasonable steps to maintain the confidential nature of this Trade Secret Information.

30. Defendants have utilized and are continuing to utilize Plaintiff's Trade Secret Information by instituting the specific data upload, inventory control and shipping modules designed by Plaintiff, in order to allow for real time data flow between multiple selling channels on Defendants' recently created, but already successful online storefronts.

31. In doing so, Defendants are maliciously and willfully using misappropriated confidential, proprietary, and trade secret information to their own advantage.

32. As a result of Defendants' misappropriation and use of the Trade Secret Information, Defendants have violated the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b)(1).

33. As a direct and proximate result of Defendants' violation of the Defend Trade Secrets Act of 2016, Plaintiff has sustained substantial damages in an amount that will be established at trial.

34. Defendants' actions in misappropriating Plaintiff's Trade Secret Information for their own gain was willful, wanton, and malicious, and was taken with reckless disregard for the rights of Plaintiff.

35. Defendants' actions have caused and will continue to cause Plaintiff irreparable harm if not preliminarily and permanently enjoined.

36. Plaintiff has no adequate remedy at law.

### COUNT II – MISAPPROPRIATION OF TRADE SECRETS
### UNDER FLORIDA'S UNIFORM TRADE SECRETS ACT

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 25 as if fully alleged herein.

38. Defendants obtained access to the confidentially maintained software, algorithms, and ecommerce marketplace management business model (the "Trade Secret Information").

39. Plaintiff's Trade Secret Information derives actual and potential independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the Trade Secret Information.

40. Plaintiff has taken reasonable steps to maintain the confidential nature of the Trade Secret Information.

41. Defendants have utilized and are continuing to utilize Plaintiff's Trade Secret Information by instituting the specific data upload, inventory control and shipping modules

designed by Plaintiff, in order to allow for real time data flow between multiple selling channels on Defendants' recently created, but already successful online storefronts.

42. In doing so, Defendants are maliciously and willfully using misappropriated confidential, proprietary, and Trade Secret Information to their own advantage.

43. As a result of Defendants' misappropriation and use of the confidential, proprietary, and Trade Secret Information, Defendants have violated Fla. Stat. § 688.001 et seq., Florida's Uniform Trade Secrets Act.

44. As a direct and proximate result of Defendants' violation of Florida's Uniform Trade Secrets Act, Plaintiff has sustained substantial damages in an amount that will be established at trial.

45. Defendants' actions in converting and misappropriating Plaintiff's Trade Secret Information for their own gain was willful, wanton, and malicious, and was taken with reckless disregard for the rights of Plaintiff.

46. Defendants' actions have caused and will continue to cause Plaintiff irreparable harm if not preliminarily and permanently enjoined.

47. Plaintiff has no adequate remedy at law.

## DEMAND FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor on Counts I and II of its Complaint against Defendants, and grant Plaintiff the following relief:

A. An award of all available damages, including, but not limited to damages for Counts I and II, compensatory, actual, and consequential damages, and any profits gained.

B. An injunction restraining Defendants and their associates, agents, servants, employees, representatives, licensees, successors, assigns, and all those acting for them and on their behalf from continuing their misappropriation of Plaintiff's Trade Secret Information.

C. An award of attorneys' fees, costs, expenses, and pre-judgment and post-judgment interest at the highest rate allowable by law on all counts available.

D. Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury in this action of all issues so triable.

Dated: January 18, 2022

Respectfully submitted,

*/s/ Nicole Fundora*
Richard Guerra
Fla. Bar No. 689521
Email: rguerra@brickellip.com
A. Robert Weaver
Fla. Bar No. 92132
Email: rweaver@brickellip.com
Nicole Fundora
Fla. Bar No. 1010231
Email: nfundora@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

*Counsel for Plaintiff*